FILED
United States Court of Appeals
Tenth Circuit

December 3, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KERRY SLOAN,

    Defendant - Appellant.

No. 21-5033
(D.C. Nos. 4:19-CV-00716-CVE-CDL &
4:18-CR-00205-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Kerry Sloan, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. We deny his application for a COA

and dismiss this matter.

## I. Background

Sloan pleaded guilty in federal court to one count of transporting a minor in

interstate commerce with intent to engage in criminal sexual activity, in violation of

18 U.S.C. § 2423(a). He was sentenced to 180 months in prison and ten years of

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release. His plea agreement contained a waiver of his right to collaterally attack his conviction and sentence in a § 2255 proceeding, except for claims of ineffective assistance of counsel. Although represented by an attorney throughout the criminal proceedings, Sloan filed a pro se notice of appeal. This court dismissed the appeal as untimely.

Sloan then filed a pro se § 2255 motion and a multitude of supplements, supporting declarations, and other documents, seeking relief on multiple grounds. The government argued that many of Sloan's claims fell within the scope of his plea waiver and that his ineffective-assistance claims failed on the merits.

The district court analyzed the enforceability of the waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, post-conviction waivers are enforceable if the disputed issue "falls within the scope of the waiver," "the defendant knowingly and voluntarily waived his [post-conviction] rights," and "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325; *see also United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (applying *Hahn* analysis to § 2255 proceeding). The district court determined Sloan's waiver was knowing and voluntary and his substantive claims fell within the scope of the waiver, including those concerning speedy trial and grand jury violations, illegal search and seizure, double jeopardy, malicious prosecution, and the validity of the certification of certain Assistant United States Attorneys. The court concluded Sloan had made no attempt to show that enforcing the waiver would result in a miscarriage of justice, and the

2

court's own review uncovered no evidence that enforcing the waiver as to those claims within its scope would be unfair or inequitable.

The district court next determined Sloan's claims of ineffective assistance of counsel fell outside the waiver, but denied relief on the merits, applying the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a demonstration that counsel's performance was deficient and the deficient performance was prejudicial.

The court first rejected Sloan's claim that counsel should have argued the § 2423(a) conviction was invalid and unconstitutional because the government did not prove that § 2423(a) qualifies as a "crime of violence." The court explained that the commission of a "crime of violence" is not an element of a § 2423(a) offense, so counsel had no reason to raise the argument.[1] The court also rejected Sloan's reliance on *United States v. Davis*, 139 S. Ct. 2319 (2019), and other Supreme Court cases concluding that certain other statutes are void for vagueness. The district court explained that unlike the statutory provisions at issue in those cases, § 2423(a) clearly defines what it prohibits— the knowing transportation of a minor in interstate commerce with the intent to engage in

---

[1] Section 2423(a) provides:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a).

sexual activity for which any person could be charged with a criminal offense. The court further rejected Sloan's vagueness challenge to sentencing enhancements applied in his case given the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that "the advisory [United States Sentencing] Guidelines are not subject to vagueness challenges."

The district court next found meritless Sloan's argument that counsel should have demanded that the district court read all the conditions of supervised release into the record at the sentencing hearing. The court concluded there is no requirement that the court read mandatory or standard conditions of supervised release into the record, and the record reflected that the court had orally advised Sloan at the sentencing hearing of any special or discretionary conditions.[2]

The district court also denied relief on Sloan's claim that counsel should have argued for a sentence reduction based on an excessive disparity between Sloan's sentence and sentences received by other defendants in similar cases. This argument, the court explained, overlooked that Sloan had pleaded guilty and that the court had sentenced him to a within-Guidelines sentencing range that the parties had agreed to. Therefore, the court concluded trial counsel had acted reasonably in declining to request a downward variance based on excessive sentencing disparity.

---

[2] In support of these conclusions, the district court relied on *United States v. Diggles*, 957 F.3d 551 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). In *Diggles*, the Fifth Circuit held that the only conditions of supervised release a court must pronounce at sentencing are those that are discretionary under the supervised-release statute, 18 U.S.C. § 3583(d). 957 F.3d at 559.

Next, the district court considered Sloan's claim that counsel was ineffective in failing to file a direct appeal despite being advised to do so. The court summarized the evidence regarding this claim as follows: Sloan contended that when counsel met with him to see if he wanted to file an appeal, Sloan was "nonresponsive and highly medicated." R., Vol. VII at 322 (internal quotation marks omitted). But counsel averred Sloan was "polite and responsive," and if Sloan had been "unresponsive," counsel would have filed a notice of appeal as a precaution. *Id.* at 323 (internal quotation marks omitted). Counsel's affidavit and declaration were "clear" that counsel believed Sloan "understood the advice that [counsel] offered concerning the advantages and disadvantages of filing an appeal," and counsel "understood that [Sloan] made an informed decision not to proceed with an appeal." *Id.* at 324. Nothing in the record indicated that Sloan had asked counsel to file an appeal within the time limit. Further, when the government moved to dismiss Sloan's pro se appeal as untimely, counsel responded to the motion that he was unaware of any applicable exceptions to the time bar.

Based on this evidence, the district court concluded counsel's performance was not constitutionally deficient for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). The court further determined counsel was not obligated to raise frivolous arguments in support of Sloan's untimely pro se notice of appeal.

5

Finally, the district court denied relief on Sloan's claims regarding his guilty plea. The court concluded that although there could be a factual dispute concerning whether Sloan told counsel he wanted to withdraw his guilty plea, Sloan could not show prejudice by the alleged failure to file a motion to withdraw the plea because he had not shown any probability the court would have granted such a motion. The court explained that despite "vague assertions [in his § 2255 filings] that could be construed as a claim of factual innocence," Sloan had "admitted the essential elements of the offense at the change of plea hearing and nothing in his filings can be construed as an attempt to withdraw his factual admissions." R., Vol. VII at 328. The change-of-plea hearing was "lengthy . . . , and the Court had no concerns as to the knowing and voluntary nature of his guilty plea." *Id.* Sloan also had delayed seeking to withdraw his plea until just before sentencing, so granting a motion to withdraw the plea would have inconvenienced the parties and the court. The court also considered Sloan's claim that counsel failed to consult with him about an earlier plea offer where he would serve only 24 months in prison. Counsel had informed Sloan that no such offer had been made and reminded him that he had rejected a previous offer for the mandatory minimum sentence under § 2423(a)—120 months. Because counsel had conveyed the original plea offer and Sloan had rejected it, the court found Sloan's failure-to-consult claim meritless.

Based on its analysis, the district court denied Sloan's § 2255 motion. The court also denied a COA.

## II.  Discussion

Before he may appeal, Sloan must obtain a COA.  28 U.S.C. § 2253(c)(1)(B).  To obtain a COA on claims the district court denied on the merits, a petitioner must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  We construe Sloan's pro se filings liberally but do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In his COA application, Sloan does not challenge the district court's conclusion that the collateral-review waiver was enforceable or that his substantive claims fell within the scope of that waiver.  However, he maintains his counsel was constitutionally ineffective under the two-part *Strickland* test and that reasonable jurists could disagree with the district court's denial of his claims.  He also asserts the district court improperly decided disputed factual issues.  We disagree and conclude the district court properly resolved Sloan's motion.

To the extent Sloan argues the merits of substantive claims he raised in the district court or contends the district court overlooked such claims, they are subject to the plea waiver, the enforceability of which he has not challenged.  His complaint that the district court overlooked some of his ineffective-assistance claims lacks sufficient development to merit appellate review.  *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

And his suggestions that the district judge had a conflict of interest are unsubstantiated conclusions.

Sloan also makes conclusory assertions that are either of uncertain relevance to the denial of his § 2255 motion or plainly frivolous.

Regardless of Sloan's limited argument, and having independently reviewed the record, Sloan's appellate submissions,[3] and the applicable law, we are confident that reasonable jurists could not debate the correctness of the district court's disposition of Sloan's § 2255 motion.  Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

---

[3] In addition to his combined COA application and opening brief, Sloan has submitted additional documents to this court.